**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------
RIVKA FISHBEIN on behalf of herself and all others similarly situated

Plaintiff,

-against-

ECF CASE
08 CV 7979 (DAB

NATIONAL CREDIT SYSTEMS, INC.
AND GARY C. COOKE

Defendants.

---------------------------------------------------------

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff Rivka Fishbein seeks redress for the illegal practices of National Credit Systems, Inc. ("NCS") and Gary C. Cooke concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

***Parties***

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Arrow Exterminating.

4. Upon information and belief, NCS is a New York corporation. Its principal place of business is located in New York County, New York.

5. Upon information and belief, Gary C. Cooke is an attorney in New York in good standing who maintains his address in Forest Hills, New York with the Office of Court Administration.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collector[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant sent the letter into this district and transacts business in this district.

***Allegations Particular to Rivka Fishbein***

10. On information and belief, on a date better known by defendants, defendants attempted to collect an alleged consumer debt from the plaintiff.

11. On or about February 7, 2008 defendant sent the plaintiff a collection letter.

12. Said February 7, 2008 letter states in pertinent part: "Our records show an unpaid account in the above stated amount appearing due and owing by you. This claim has been assigned to National Credit Systems Inc. with full authority to effect collection."

13. Said letter contains deceptive misrepresentations and deceptive threats in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

14. On or about March 7, 2008 defendants, both NCS and Cooke sent the plaintiff a collection letter.

15. Upon information and belief, NCS controls the sending of the Cooke letter.

16. Upon information and belief, NCS has engaged in a practice of sending, or causing or permitting to be sent, to consumers, collection demands falsely purporting to emanate from defendant Cooke.

17. Cooke has authorized the use of his name and purported letterhead by the creditor for the purpose of convincing consumers that Cooke is meaningfully involved in collecting the creditors' debts, when he is not.

18. The March 7, 2008 collection letter at issue conveys to the least sophisticated consumer the false impression that the letter emanated from an attorney and that the attorney was meaningfully involved in collecting the consumer's account.

19. The letter contains a facsimile signature which further suggests that defendant Cooke has not reviewed the plaintiff's file.

20. The collection letter at issue indicates that payments concerning the underlying debt are directed to the creditor.

21. No telephone number is listed, which further suggests that Cooke has no involvement with the sending of the collection letters.

22. The said letter states in part: "Please review your records and demonstrate your willingness to resolve this matter directly with the creditor listed below."

23. Said language confuses the least sophisticated consumer as to whether the consumer should contact defendant Cooke or the creditor concerning the alleged debt.

24. The communication in the form represented by the collection letter at issue violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692j.

25.

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.***

26. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if set forth fully in this cause of action.

27. This cause of action is brought on behalf of plaintiff and the members of a class.

28. The Class consists of consumers who received the same initial form letters, as did the plaintiff.

29. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form letters as the letters sent to the plaintiff (b) the collection letter was sent to a consumer seeking payment of a personal debt to Arrow Exterminating Company; and (c) the collection letter was not returned by the postal

service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) by engaging in deceptive practices and false threats.

30. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA using collection letters that contradict the class members' rights.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally least sophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or

varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

27. The defendant's use of certain language in the collection letters violates the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 26, 2008

____________________________
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

____________________________
Adam J. Fishbein (AF-9508)